UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Kibwe Rayford, Jr., | Case No.:   3:24-cv-2195-JGC |
| Plaintiff, | Judge James G. Carr |
| v. | |
| Amazon.com Services, LLC. | **OPINION & ORDER** |
| Defendant. | |

This case is the first of a barrage of employment discrimination cases that *pro se* Plaintiff, Kibwe Rayford, Jr., filed in the Lucas County Court of Common Pleas. Defendants have removed them from that court.[1] Here, Plaintiff sues Amazon.com Services, LLC ("Amazon" or "Defendant").

Plaintiff's complaint (Doc. 1-1), like in the other cases he has filed, consists of form complaints on which Plaintiff has simply checked off various boxes indicating various kinds of employment discrimination. His complaint entirely lacks the necessary details as to the facts giving rise to his claim of discrimination.

Moreover, Plaintiff merely references various discrimination statutes without providing sufficient factual detail to support his multiplicity of demands for relief.

---

[1] Plaintiff currently has over twenty cases against various defendants pending in this district, most of which were filed in the month of February 2025.

Pending is Amazon's Motion to Dismiss. (Doc. No. 12). Plaintiff has filed motions "to strike" (Doc. Nos. 13, 15),[2] which I deem to be his opposition to Amazon's motion to dismiss. Amazon has filed a reply (Doc. No. 29).

For the following reasons, Amazon's Motion to Dismiss is **GRANTED** and I dismiss the Plaintiff's complaint with prejudice. Simply put, Plaintiff asserts conclusions, instead of alleging facts. Doing so is completely insufficient to state a valid claim under the *Iqbal/Twombly* Doctrine. As the Supreme Court made clear in those two decisions, to survive a 12(b)(6) motion to dismiss, a complaint must "contain sufficient fact[s], accepted as true, to 'state a claim to relief that is plausible on its face.'" See *Ashcroft v. Iqbal*, 556 U.S. 662, (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The defect of asserting mere conclusions affects each of the putative claims Plaintiff speaks to allege.

Conclusion.

It is not necessary to go further. Except to confirm Plaintiff's status as a Restricted Filer. This designation shall henceforth apply to all future cases that Plaintiff may file directly in our district, or in which Defendants may remove to our Court.

Plaintiff shall file no further pleadings unless directed in advance by the undersigned to do so. If Plaintiff does not comply with this Order, his noncompliance shall lead to the imposition of sanctions for such failure. Such sanctions may include, and will not be limited to, dismissal of his pending complaint and overruling of all other pending matters as moot.

---

[2] Plaintiff has filed a host of other pleadings in the case, including motions for hearing (Docs. 10, 14, 16), motions to amend his complaint regarding his request for damages (Docs. 11, 19), and motions for default and declaratory judgment (Docs. 22, 23).

It is accordingly hereby ordered:

1. Plaintiff's complaint, Doc. No. 1-1, be and the same is hereby dismissed with prejudice;

2. Plaintiff's prior designation as a Restricted Filer, be and the same hereby is confirmed.

Accordingly, The Clerk shall henceforth decline to accept further complaints filed by the Plaintiff whether in this Court or removed to it.

    So Ordered.
    3/13/2025

                                          /s/ James G. Carr
                                          Sr. U.S. District Judge